*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0001p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SHARYN GRUENER,

        *Plaintiff-Appellant,*

    *v.*

THE OHIO CASUALTY INSURANCE COMPANY,

        *Defendant-Appellee.*

No. 05-4220

>

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 03-00780—Timothy S. Hogan, District Judge.

Argued: October 30, 2007

Decided and Filed: January 3, 2008

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

---

### COUNSEL

**ARGUED:** Lucian J. Bernard, PEARSON & BERNARD, Covington, Kentucky, for Appellant. Doreen Canton, TAFT, STETTINIUS & HOLLISTER, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Lucian J. Bernard, Elizabeth Zink Pearson, PEARSON & BERNARD, Covington, Kentucky, for Appellant. Doreen Canton, Rachel S. Zahniser, TAFT, STETTINIUS & HOLLISTER, Cincinnati, Ohio, for Appellee.

---

### OPINION

---

    COOK, Circuit Judge. Plaintiff Sharyn Gruener appeals from a jury verdict rendered for her former employer, Defendant The Ohio Casualty Insurance Company, in this Americans with Disabilities Act ("ADA") action. Gruener seeks reversal on two grounds. She contends the trial court erred by (1) denying her requested jury instruction on the ADA's regarded-as-disabled definition of disability, and (2) denying her motion for a new trial as the clear weight of the evidence belied the verdict. Because Gruener failed to present evidence warranting a regarded-as-disabled instruction and because she failed to amend her notice of appeal to include the trial court's order denying her motion for a new trial, we affirm.

1

I

Ohio Casualty hired Gruener in 1998, after the company acquired Gruener's previous employer. A few months later, Ohio Casualty promoted Gruener to a newly created position (PC/LAN administrator) in which she helped administer a computer network and helped other employees resolve computer problems. Gruener consistently received positive performance reviews during her three years in this position.

Throughout this time, Gruener coped with degenerative joint disease ("DJD") in her knees and other weight-bearing joints. Eventually, Gruener's DJD led to a double knee replacement in 2001. Following surgery, Gruener returned to work with restrictions on her ability to squat, crawl, or kneel. She submitted a doctor's note detailing her physical limitations, and Ohio Casualty placed it in her personnel file.

In 2002 Ohio Casualty reorganized its operations, causing Gruener's transfer to a PC Services Technician position in Hamilton, Ohio. Before accepting this position, Gruener viewed the job description, which stated that the position "[r]equires extensive physical exertion such as walking, standing, stooping, climbing or lifting materials or equipment, some of which may be heavy or awkward (in excess of 50 lbs)." JA 416–18.

Gruener began the new job in Hamilton in July 2002. Shortly thereafter, in October, Kevin Sims became Gruener's supervisor. In her first monthly meeting with Sims, Gruener told him that she would need to start flexing her hours in December due to night vision problems, a practice she had observed in past years. Sims informed Gruener that she could not flex her hours because she needed to be at the Hamilton facility during employee work hours. When Gruener persisted, Sims checked Gruener's personnel records for any medical records related to her vision.

He found, to his apparent surprise, the doctor's note stating Gruener could not squat, crawl, or kneel. After Sims consulted his superiors, he and Gerrie Beland (a member of Ohio Casualty's Human Resources Department) spoke with Gruener about her medical restrictions. During this conversation, they learned that Gruener had been asking her co-workers to help her perform certain tasks she could not complete, such as plugging in computers and lifting heavy monitors. In response, Sims and Beland asked Gruener to obtain an updated medical certification of her physical limitations.

Gruener provided an updated certification from her physician that permanently restricted her from squatting, crawling, kneeling, lifting over twenty pounds, or carrying over ten pounds. After reviewing this information, Ohio Casualty managers terminated Gruener, concluding that she could not perform the essential functions of a PC Services Technician without asking co-workers to lift, move, or plug in equipment. Following her termination, the company categorized Gruener as "eligible for rehire" and encouraged her to apply for other positions within the company. JA 264. Gruener declined and left the company.

Following her discharge, Gruener filed suit against Ohio Casualty and Sims, asserting disability discrimination and failure to pay overtime. After the parties settled Gruener's overtime claim and the district court dismissed the claims against Sims on summary judgment, Gruener's ADA claim against Ohio Casualty proceeded to a jury trial before a magistrate judge.

The jury found that Gruener failed to prove she was disabled and returned a verdict for Ohio Casualty. Gruener filed both a motion for a new trial and a notice of appeal. When the trial court denied her motion for a new trial, Gruener failed to amend her notice of appeal to include the denial of that motion.

II

The ADA protects disabled employees and job applicants from discriminatory treatment. The statute provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). An individual is considered "disabled" under the ADA if she (1) "has a physical or mental impairment that substantially limits one or more of the major life activities of such individual," (2) "has a record of such impairment," or (3) is regarded by her employer as having such an impairment. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810 (6th Cir. 1999); *see also* 42 U.S.C. § 12102(2)(A)–(C).

The ADA's regarded-as-disabled definition of disability is at issue here. This provision protects employees who are "perfectly able" to perform a job, *Ross v. Campbell Soup Co.*, 237 F.3d 701, 706 (6th Cir. 2001), but are "rejected . . . because of the 'myths, fears and stereotypes' associated with disabilities." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489–90 (1999) (quoting 29 C.F.R. pt. 1630, App. § 1630.2(l)). Accordingly, it applies when "(1) [an employer] mistakenly believes that [an employee] has a physical impairment that substantially limits one or more major life activities, or (2) [an employer] mistakenly believes that an actual, nonlimiting impairment substantially limits one or more [of an employee's] major life activities." *Id.* at 489. Either application requires that the employer "entertain misperceptions about the [employee]." *Id.*

Gruener's proposed jury instructions included instructions on both actual disability and regarded-as-disabled disability. The magistrate judge, however, declined to instruct the jury on Gruener's regarded-as theory. He held that Gruener had exclusively pressed an actual-disability theory at trial and accordingly "the trial evidence did not support the submission of [regarded-as-disabled] instructions." JA 211.

On appeal, Gruener acknowledges the trial judge's authority to refuse to give a proposed instruction if insufficient evidence supports it. *Miller's Bottled Gas, Inc. v. Borg-Warner Corp.*, 56 F.3d 726, 736 (6th Cir. 1995) ("A trial court may refuse to instruct the jury on an issue when there has been insufficient evidence presented to support a jury finding on that issue."); *Bucyrus-Erie Co. v. Gen. Prods. Corp.*, 643 F.2d 413, 420 (6th Cir. 1981) ("To effectively charge a trial court with failure to provide an instruction, one must first show the presence of evidence in the record sufficient to support submission of that instruction."). Gruener insists, however, that she earned the instruction by producing sufficient evidence at trial that Ohio Casualty regarded her as disabled.

Specifically, Gruener contends she demonstrated that Ohio Casualty erroneously believed she could not perform two major life activities—manual tasks and work. As for manual tasks, Gruener points to her own testimony about her difficulties taking care of herself, shopping, cleaning, and cooking. Far from evidencing that Ohio Casualty *mistakenly believed* Gruener's impairments substantially limited her ability to perform manual tasks, this testimony only speaks to Gruener's *actual* inability to perform this activity. *See Sutton*, 527 U.S. at 489–90.

As for the major life activity of work, Gruener focuses on Ohio Casualty's admitted view that she could not work the specific job of PC Services Technician. She argues that she produced evidence that, as long as Ohio Casualty allowed her co-workers to help her, she could in fact perform her job despite her disabilities. For example, she notes that no co-worker complained about assisting her, no supervisor cited or disciplined her, and no supervisor identified an instance where she failed to complete an assignment because of her physical limitations.

As with her argument regarding manual tasks, Gruener again misses the key point that justified denying her regarded-as-disabled instruction—the absence of evidence that Ohio Casualty

"entertained misperceptions" about her. *Id.* at 489. Indeed, she admits that Ohio Casualty's understanding of her impairments and how they limited her simply tracked the specific and valid restrictions prescribed by her own doctor. *See Mahon v. Crowell*, 295 F.3d 585, 592 (6th Cir. 2002) (defendant "was not wrongly viewing [the employee] through a stereotype of disability, 'but rather follow[ed] the specific recommendations of [a] treating physician'" (quoting *Cannon v. Levi Strauss & Co.*, 29 F. App'x 331, 336 (6th Cir. 2001) (first alteration added))). And she does not dispute that because she did not meet the physical requirements for her job, she could not perform it without assistance from others.

These admissions demonstrate that Gruener's evidence failed to warrant a regarded-as-disabled instruction—she could not show that she was among those employees who are "perfectly able to meet the job's duties." *Ross*, 237 F.3d at 706. In fact, Gruener never contested her inability to perform her job without accommodation.

Because Gruener's regarded-as-disabled claim completely lacked proof, we conclude that the magistrate judge did not err by refusing to give Gruener's proposed instruction to the jury.

### III

Gruener also asserts that the magistrate judge erred by denying her motion for a new trial grounded on the verdict being against the clear weight of the evidence. *See* Fed. R. Civ. P. 59. This court reviews weight-of-the-evidence challenges if the appellant first files a motion for a new trial (or a motion to alter or amend the judgment) and then appeals the denial of that motion. *Pennington v. W. Atlas, Inc.*, 202 F.3d 902, 911 (6th Cir. 2000). Although Gruener filed a motion for a new trial after the jury returned a verdict, when the trial court later denied her motion she failed to amend her notice of appeal to include that denial. Federal Rule of Appellate Procedure 4 mandates that:

> A party intending to challenge an order disposing of [a Rule 59 motion] must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

Fed. R. App. P. 4(a)(4)(B)(ii). Thus, because an appeal of the trial court's order denying her motion for a new trial is beyond the scope of Gruener's notice of appeal, we will not entertain it. *E.g.*, *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 119 n.3 (1st Cir. 2005) ("Because [the plaintiff] did not amend his notice of appeal, which was filed while his Rule 59(e) motion was pending, the court's subsequent decision denying the Rule 59(e) motion is not properly before us."); *United Food & Commercial Workers, Local 17A v. Fresh Mark*, 81 F. App'x 23, 26 n.2 (6th Cir. 2003); *Union Pac. R.R. v. Greentree Transp. Trucking Co.*, 293 F.3d 120, 126 & n.8 (3d Cir. 2002); *see also Caudill v. Hollan*, 431 F.3d 900, 906 (6th Cir. 2005) ("We will not . . . absent specific mention in the notice of appeal, entertain issues raised in post-judgment motions if the notice of appeal states only that the appeal is from the final order or the final judgment.").

### IV

For the foregoing reasons, we affirm.