OPINION
PER CURIAM.
André Jacobs has filed an appeal from an order of the United States District for the Western District of Pennsylvania. We must first consider the scope of this appeal; a short background is set forth below to provide a context for the jurisdictional issues.
I.
Jacobs filed a complaint in 2002 alleging that prison officials violated his Eighth Amendment and Due Process rights in conjunction with an incident that occurred in April 2001 while he was confined at a state prison, S.C.I. Pine Grove. On April 20, 2001, Officer Thomas Heck and Nurse Friday were making medication rounds in the restricted housing unit where Jacobs was housed. Jacobs was prescribed a cream which was distributed in a paper medicine cup. The normal practice was to ask the inmate to give up the old (presumably empty) cup in order to get a new one. Medicine was distributed through a slot in the door with a locked flap (the “piehole”). On the day in question, Heck had been asked to inform Jacobs that he would have to give up two medicine cups to get a new one (apparently an officer saw two cups in Jacobs’ cell during an inspection). Jacobs became upset, and said he did not have an additional cup. He had his hand in the open piehole. Heck’s and Jacobs’ versions of what happened next differ.
According to Jacobs, Heck threatened to break his hand if he did not remove it from the piehole. When Jacobs did not remove his hand, Heck hit his hand with a baton. Heck then attempted to close the door to the piehole and slammed Jacobs’ hand about three times while Jacobs was screaming. A nurse came later, gave him an icepack and taped his finger to a splint. Jacobs believed his finger was broken.
According to Heck, at the time of the incident, Jacobs reached his entire arm through the piehole and tugged on the keys on Heck’s belt. Heck swatted Jacobs’ hand away. He told Jacobs three times to remove his hand, and when he did not, he closed the piehole on Jacobs’ hand, but not with much force. He testified that he did not have a baton on that day and that an officer would only carry batons in specific circumstances, not including medicine rounds. Nurse Friday’s report stated that Heck struck Jacobs’ hand with a black object.
The case proceeded with discovery and motions to dismiss. The Court ordered that the complaint be dismissed as to several defendants (see, e.g., docket # 52, 105, 110). The Comb also denied Jacobs’ motions for appointment of counsel (docket # 32, 43, 119). The parties settled the matter, but Jacobs then filed a motion to reopen, which was granted. The case proceeded to trial against defendant Heck, with Jacobs proceeding pro se. The jury found in favor of Heck on March 4, 2005, and the Court entered a judgment on March 7, 2005. Jacobs filed a motion for a new trial on March 11, 2005. On March 14, 2005, Jacobs filed a notice of appeal, which states, in its entirety, “Plaintiff gives notice that he intends to appeal the Dis *746 trict Judge’s order of April 19, 2004 (Doc. No. 115) denying appointment of counsel.” This Court stayed the appeal pending disposition of the motion for a new trial, which the District Court denied on March 21, 2006. Jacobs did not appeal the decision denying the motion for a new trial.
II.
In his informal brief,[1] Jacobs indicates that he is appealing the following orders: (1) order dated May 28, 2004 denying motion for counsel; (2) order dated January 31, 2006 denying his motion for a new trial; (3) order dated February 15, 2005 denying prison official witnesses; (4) order dated January 15, 2004 dismissing defendants White and Sasway; (5) order dated February 27, 2004 granting summary judgment for defendants Tatum, Boyles, Johnson, Winstead, Buck and Cammeron; and (6) order dated June 3, 2003 granting Dr. Hamad summary judgment. However, as noted, only the order denying Jacobs’ motion for appointment of counsel is specified in his notice of appeal.[2] The question here is whether the Court has appellate jurisdiction to review the other orders listed above.
We first consider the order denying Jacobs’ motion for a new trial. While that motion was pending in the District Court, we issued a stay of the appeal. In the order staying the appeal, we informed Jacobs that if he desired “appellate review of the district court’s decision regarding the post-decision motion,” he would be required “to file an amended notice of appeal within the time prescribed by Rule 4 [of the Federal Rules of Appellate Procedure ] measured from the entry of the order disposing of the last outstanding post-decision motion.” Order entered March 31, 2005, see District Court docket # 181. Because Jacobs failed to file an amended notice of appeal, the order denying his motion for a new trial is not properly before us. Fed. R.App. P. 4(a)(4)(B)(ii); Gruener v. Ohio Cas. Ins. Co., 510 F.3d 661, 665-66 (6th Cir.2008).
We next consider whether we may review the remaining orders that were not specified in the notice of appeal. Pursuant to federal rules, a notice of appeal “must ... designate the judgment, order, or part thereof being appealed.” Fed. RApp. P. 3(c)(1)(B). The Court construes this rule liberally, and will exercise appellate jurisdiction over orders not specified in the notice of appeal where: “(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues.” Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir.1998).
We find that the requisite connection does not exist between the order specified in Jacobs’ notice of appeal and the order dated January 15, 2004 dismissing defendants White and Sasway; the order dated February 27, 2004 granting summary judgment for defendants Tatum, Boyles, Johnson, Winstead, Buck and Cammeron; and the order dated June 3, 2003 granting Dr. Hamad summary judgment. See Elfman Motors, Inc. v. Chrysler Corp., 567 F.2d 1252, 1254 (3d Cir.1977) (notice of appeal specifying orders entered in favor *747 of three defendants did not bring up for review unspecified earlier order granting summary judgment in favor of two other defendants; noting cases where the requisite connection exists).
Significantly, the order denying Jacobs’ motion for appointment of counsel was non-appealable when entered. It became appealable when the District Court entered judgment in favor of the remaining defendant following the jury trial, as that order finally disposed of the case as to all claims and all parties. See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir.1984). Jacobs’ notice of appeal is thus not like the one in Shea v. Smith, 966 F.2d 127, 129 (3d Cir.1992), which specified the final order in the case (entered in favor of the last two remaining defendants). In Shea and like cases, the Court held that a notice of appeal specifying a final order is sufficient to bring up an unspecified earlier order for review because, relevantly, the earlier order could not have been appealed until the final order was entered. See, e.g., Murray v. Commercial Union Ins. Co., 782 F.2d 432, 434-35 (3d Cir.1986); Gooding v. Warner-Lambert Co., 744 F.2d 354, 357 n. 4 (3d Cir.1984). In those cases, the specified order was connected to the unspecified order in that the specified order caused the unspecified order to become appealable. That connection does not exist where, as here, the specified order is not the final order in the case. Cf. Chaka v. Lane, 894 F.2d 923, 925 (7th Cir.1990) (notice of appeal that specifies order that was interlocutory and non-appealable when entered limits appeal to questions raised by that order).
Returning to the test we enunciated in Polonski, we find apparent Jacobs’ intent to appeal the District Court’s order denying his April 2004 motion for appointment of counsel. We note that this motion sought the assistance of counsel in conducting discovery. We thus find a connection to Jacobs’ claims that problems he had in the course of discovery (following this denial) were due to the District Court’s failure to appoint counsel. We also liberally construe the notice, which was filed after Jacobs lost at trial, to assert that the outcome of the trial would have been different if counsel had been appointed. Our decision to review these issues does not prejudice appellee Heck, as he has chosen to respond to all the issues that Jacobs briefed.[3] We now proceed to discuss the merits of the properly raised issues.
III.
A district court’s decision to deny counsel to an indigent litigant is reviewable by a court of appeals for abuse of discretion. Tabron v. Grace, 6 F.3d 147, 158 (3d Cir.1993). In determining whether appointment of counsel is warranted, the District Court must first determine whether the litigant’s claim has arguable merit in fact or law. Id. at 155. If this threshold is met, then a court must consider the litigant’s ability to present the case, taking into account the litigant’s education, literacy, prior work experience, prior litigation experience, and ability to understand English. Id. at 156. A court also must evaluate the complexity of the legal issues in the case, the degree to which factual investigation will be necessary (and the litigant’s ability to pursue such investigation), the likelihood that the case will turn on credibility determinations, the need for expert testimony in the case, and litigant’s ability to retain counsel. Id. at 156-57.
As Jacobs’ claims against Heck proceeded to trial, he can meet the thresh *748 old showing of arguable merit. Jacobs was without funds to obtain counsel, and it was likely that his case would turn on credibility determinations. However, Jacobs demonstrated through his filings in the District Court that he is articulate and able to understand English. His claims were not particularly complex. Furthermore, his case was largely the retelling of events that happened in his presence, so, to that extent, he did not need to engage in an extensive investigation. He did not require an expert witness. Accordingly, although some factors weighed in favor of appointing counsel, the District Court did not abuse its discretion in denying Jacobs’ motion. We now turn to Jacobs’ claims that discovery and/or trial was unfair because counsel was not appointed.
IV.

A.Internal Investigation Report

Jacobs complains that his trial was not fair, because he had asked defendants in discovery to produce a report of an internal investigation into Jacobs’ claim that Heck had used excessive force against him (“the report”), but defendants insisted no such report existed. Then, however, Heck’s attorney produced a copy of the report at the end of the first day of trial, and Jacobs was allowed to review it. First, we note that it is not clear that the report would have been produced earlier if Jacobs had been represented by counsel. Second, even though the timing was not optimal, we note that the District Court gave Jacobs the opportunity to review the document, and he was able to use it to examine Heck in the trial. T.T. (March 1, 2005) (Doc. 194), 40-45. Third, as the report concluded that Heck was not guilty of abuse, it was not particularly helpful to Jacobs. We do not believe that the trial was unfair based on Jacobs’ late receipt of the report.
B. Heck’s inconsistent defense
Jacobs argues that the trial was not fair because in discovery Heck stated that any injury Jacobs sustained during the April 2001 incident was due to an accident, but at trial Heck admitted that he used deliberate action against Jacobs (“swatting” his hand). Jacobs also notes that in interrogatory responses Heck answered that he would have been authorized to carry a baton on April 20, 2001, but at trial he responded that given the circumstances of the incident, he would not have been authorized to have a baton with him at the time. As Heck notes in his appellate brief, Jacobs ably examined Heck about these inconsistencies at trial. See, e.g., T.T. (Feb. 28, 2005) (Doc. 193), 29, 36; T.T. (March 3, 2005) (Doc. 196), 58-59. The fact that Jacobs was ultimately unsuccessful does not mean that the trial was unfair.
C. Right to subpoena witnesses at public expense
Federal courts are not authorized to waive or pay witness fees for indigent litigants. Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir.1993) (per curiam); cf. Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987) (no statutory authority for payment of expert witness fees in civil litigation). We therefore find that the District Court did not err in holding that Jacobs must pay the fees and costs for any prison official he wished to subpoena for trial.
D. General claim that Jacobs was disadvantaged by proceeding pro se at trial
Jacobs claims he “encountered difficulties in complying with the rules of court.” Jacobs claims that he did not know when opposing counsel was asking leading question, and he did not have the knowledge and skill to properly cross-examine defendants’ expert witness. We have examined *749 the trial transcript, and we find that Jacobs was not prejudiced by his pro se status. The Court admonished defendants’ counsel not to ask leading questions, and was very careful to assure that counsel for the defendants was not able to ask leading questions simply because Jacobs failed to object. See, e.g., T.T. (March 1, 2005) (Doc. 194) 166-70. Jacobs also complains that he was not able to properly cross-examine the “expert witness” (the nurse who was making rounds with Heck on the day of the incident); however, Jacobs engaged in extensive cross-examination of the witness, T.T. (March 1, 2005) (Doc. 194) 178-208, and brought out inconsistencies between her testimony and written reports, see, e.g., T.T. (March 1, 2005) (Doc. 194) 198-99. Any difficulties Jacobs may have had were not so extreme as to render the trial unfair.[4]
V.
After reviewing the record, including the trial transcripts, we conclude that Jacobs had a fair opportunity to present his claims against Heck. The District Court did not abuse its discretion in denying Jacobs’ motion for appointment of counsel. We therefore affirm the judgment of the District Court.

. This Court asked Jacobs to file a Statement of Issues to be Presented on Appeal, in order to determine whether appointment of counsel would be useful. All of the issues noted in the Statement are also included in his brief.

. Actually, the order designated in the notice of appeal is the order entered by the Magistrate Judge on April 26, 2004 (dated April 19, 2004). Jacobs appealed this order to the District Court Judge, who denied the appeal in the order dated May 28, 2004.

. We need not consider prejudice to the other appellees, as the issues we consider involve proceedings and decisions taking place after those parties were dismissed. As noted, Jacobs has not properly appealed the orders dismissing those parties in the District Court.

. In his brief, Jacobs refers us to pages 174-76 of the second day of trial. In that portion of the trial, Jacobs successfully objected to a question that Heck's counsel asked the nurse witness, but thought the Judge was asking for the basis of his objection when she was actually asking Heck’s attorney to lay a foundation for the line of questioning. The Judge explained what she was asking, and we do not believe Jacobs was prejudiced in any way.