NOT RECOMMENDED FOR PUBLICATION
File Name:  14a0549n.06

No. 13-4125

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 23, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TRACY ABERNATHY, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| CORINTHIAN COLLEGES, INC., s/a CT | ) | OHIO |
| Corporation System, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

BEFORE:    GUY, KETHLEDGE, and STRANCH, Circuit Judges.

**STRANCH, Circuit Judge.**    Tracy Abernathy, a former employee of Corinthian

Colleges, Inc. (CCI), filed suit against CCI alleging claims for *quid pro quo* sexual harassment

and retaliation in her discharge from employment.  A jury returned a verdict in favor of CCI on

Abernathy's sexual harassment claim, but awarded Abernathy $3,500 in damages on the

retaliation claim.  Although Abernathy appealed the judgment, she later dismissed her appeal

voluntarily.  We now consider the cross-appeal of CCI on the retaliation claim.  Finding no error,

we AFFIRM.

Abernathy was employed by CCI at its Everest Institute campus in Gahanna, Ohio as an

instructor in medical assisting.  She alleged that the President of Everest Institute, William

DeFusco, demanded sexual favors from her in return for her promotion to a higher position in

her department. After Abernathy filed suit, CCI permitted her to transfer to a similar instructor's position at its Brandon, Florida campus.

During the litigation of this lawsuit, Abernathy admitted at her deposition that she falsified the initial employment application she provided to CCI by failing to disclose the real reason she left her previous employment as a nurse at an Ohio hospital. Although Abernathy wrote on the application that she was required to work too many hours, the true reason for her departure was that hospital management dismissed her for cause after learning that she was stealing medication from drug carts to feed her own prescription drug addiction. Abernathy further admitted at her deposition that as a consequence of her theft the Ohio board of nursing suspended her nursing license and she never renewed the license. This admission later prompted CCI to claim that Abernathy falsified her transfer job application by representing that she had been a nurse for fifteen years when, in fact, she did not have an active nursing license. Not long after Abernathy began working at the Brandon campus, CCI terminated her employment for falsifying her job applications. Abernathy then alleged that her employment was terminated in retaliation for her sexual harassment lawsuit against CCI.

Before and during trial, a dispute arose about how much evidence the jury should hear concerning Abernathy's conduct. The district court allowed CCI to introduce evidence that it terminated Abernathy's employment for cause because she falsified her employment applications. The court permitted defense counsel to elicit testimony from Abernathy that the hospital terminated her employment for cause for "breaking a company rule," but precluded defense counsel from eliciting any additional testimony about Abernathy's theft of medication or the board's suspension of her nursing license on the ground that the probative value of such testimony was substantially outweighed by the danger of unfair prejudice under Federal Rule of

Evidence 403. The court allowed CCI to present evidence that Abernathy did not have a current nursing license and that CCI terminates the employment of any employee who falsifies an employment application.

CCI now contends that the district court should have permitted the jury to hear the full scope of Abernathy's misconduct because the evidence was relevant and necessary to demonstrate why she would not have set a good example for students and was not an appropriate candidate for promotion to a higher position at the Everest Institute. CCI preserved this issue by proffering to the court the evidence it would have introduced if permitted to do so.

We review the evidentiary rulings of the district court for an abuse of discretion. *Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 773 (6th Cir. 2007). We will reverse only if we definitively and firmly conclude that the district court committed a clear error of judgment. *Id.*

The district court did not commit a clear error in judgment when it excluded testimony about Abernathy's drug addiction and the scope of her previous misconduct. In conducting the evidentiary balancing required by Rule 403, the court reasonably determined that introduction of this evidence would tend to suggest to the jury that it could premise its decision on an improper basis. *See Paschal v. Flagstar Bank*, 295 F.3d 565, 579 (6th Cir. 2002). CCI was able to elicit sufficient information from Abernathy and CCI witnesses to argue to the jury that CCI did not terminate Abernathy's employment in retaliation for the filing of the lawsuit, but rather because she falsified her job application and represented she was a nurse when she was not licensed. The court admitted into evidence a CCI business record that corroborated the testimony that Abernathy's employment was terminated for falsifying her job application. CCI was also able to demonstrate that it treated Abernathy similarly to other employees whose employment was

terminated for falsifying job applications. We are not left with a definite and firm conviction that the district court abused its discretion in excluding CCI's proffered evidence under Rule 403. *See Harlamert*, 489 F.3d at 773.

CCI also argues that the jury's verdict on the retaliation claim is against the weight of the evidence, but CCI did not file a motion for a new trial under Federal Rule of Civil Procedure 59(a) to allow the district court to consider this issue in the first instance. *See Gruener v. Ohio Cas. Inc. Co.*, 510 F.3d 661, 665 (6th Cir. 2008). Even assuming the issue is preserved, the weight of the evidence is not against the jury's verdict on the retaliation claim. The jury reasonably could have found that retaliation "was the but-for cause of" Abernathy's discharge from CCI. *See Univ. of Texas S.W. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013).

The jury heard evidence that Abernathy's supervisor at the Everest Institute, Dr. Tomczak, knew the true reason for Abernathy's dismissal from the hospital, yet he advised her to write on her CCI job application that she left the hospital because she had to work too many hours. No disciplinary action was taken against Abernathy at that time and she was subsequently recommended for promotion. Only later, while attending Abernathy's deposition, did Ms. Klevay of CCI's human resources department learn that Abernathy had falsified her job applications. Ms. Klevay did not take immediate action, but instead claimed that she waited until completion of the second session of Abernathy's deposition to notify management at the Brandon campus about Abernathy's admissions so that her employment could be terminated in accordance with policy. It was the jury's role to resolve disputes of fact and credibility, and the jury returned a verdict in favor of Abernathy on the retaliation claim. We see no reason to reverse the jury's verdict as against the weight of the evidence.

Accordingly, for the reasons we have stated, we AFFIRM the judgment of the district court.