**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3055
_____

ANDRE JACOBS,
                    Appellant

v.

DEBORAH BAYHA; JEREMY DELANO; ROBERT POTTER;
JOE MOREHEAD; ROBERT HOLTZ, U.S. FEDERAL MARSHALS;
MICHAEL COSTELLO; TROIANO; TAMMY CESARINO-MARTIN,
CORRECTIONAL OFFICER; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:07-cv-00237)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2015

Before: AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On March 3, 2005, Andre Jacobs, a state prisoner, was at the United States Courthouse in Pittsburgh to represent himself in a suit against a prison guard whom he had accused of assault with a baton.[1]  Deputy United States Marshals and state correctional officers were charged with transporting him, including during trips between the ninth floor courtroom and a holding cell on the second floor.  Jacobs sued eight of them relating to his interactions with them that day.

More specifically, Jacobs alleged that, during one recess in the trial, one of the Deputy Marshals, Jeremy Delano, assaulted him without provocation in a courthouse elevator by choking him and roughly banging him against the wall.  He also claimed that Daniel Troiano, a state correctional officer, approved the assault by not stopping it and by patting Delano on the back at its conclusion.  Jacobs also stated that after the trial ended, another Deputy Marshal, Robert Potter, roughly grabbed his arm and moved him forward in the courtroom, and then, once back in the elevator, punched him in the head, face, and body.  He further alleged that two other Deputy Marshals, Delano and Deborah Bayha, and another state correctional officer, Michael Costello, punched him during the elevator ride while Deputy Marshal Robert Holtz held him back.  The remaining defendants, Deputy Marshal Joe Morehead, Troiano and his colleague, Tammy Cesarino-Martin, were witnesses who refused to intervene, according to Jacobs.  Jacobs asserted that

_____

[1] On March 4, 2005, the jury found in favor of the prison guard.  The District Court subsequently entered judgment, and Jacobs's appeal was unsuccessful.  See Jacobs v. Heck, 364 F. App'x 744 (3d Cir. 2010) (per curiam).

Delano knocked him unconscious during the assault. In his complaint, Jacobs claimed excessive force, retaliation, conspiracy, and state law battery relating to the two elevator incidents and other events of the day.

Before Jacobs filed his complaint, another court considered the second elevator incident. On March 22, 2005, a federal grand jury indicted Jacobs for knowingly and forcibly assaulting, resisting, opposing, impeding, and interfering with Potter and Bayha during the performance of their official duties (in violation of 18 U.S.C. § 111(a) & (b)). At his trial, after the jury was instructed that it should not convict him if it concluded that the officers used excessive force at any point during the incident, Supp. App. at 1392-93 (Trial Transcript of April 26, 2006, at 116-17), Jacobs was found guilty. He was sentenced to 210 months in prison. We affirmed the criminal judgment. United States v. Jacobs, 311 F. App'x 535, 539 (3d Cir. 2008).

The Deputy Marshals filed a motion to dismiss the complaint, or, in the alternative, a motion for summary judgment, basing their arguments, in part, on the criminal judgment against Jacobs in relation to the second elevator incident.[2] A Magistrate Judge treated the filing as a motion for summary judgment and recommended that it be granted. Considering the Eighth Amendment excessive force claim based on the second elevator incident, the Magistrate Judge determined that it was barred by

---

[2] As we write primarily for the parties, who are familiar with the facts, we skip over the details of the initial dismissal of Jacobs's complaint for failure to prosecute and Jacobs's subsequent, successful appeal, see Jacobs v. Bayha, 297 F. App'x 98 (3d Cir. 2008).

3

collateral estoppel and the doctrine of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The

Magistrate Judge concluded that if the claim was not entirely barred, the defendants were

otherwise entitled to summary judgment on it. The Magistrate Judge also recommended

summary judgment in favor of Holtz and Moorehead on the failure-to-intervene claim

arising out of the same incident as well as the other claims (save the claims against

Delano relating to the first elevator incident, which were not involved in the motion).

The District Court, in an apparent absence of objections, approved and adopted the

Magistrate Judge's report and recommendation.

Jacobs filed a motion for reconsideration in which he argued, inter alia, that he did

not file objections because he had not received the Magistrate Judge's ruling.

Considering his evidence, the District Court afforded him de novo review of the report

and recommendation; however, the District Court ultimately denied reconsideration.[3]

---

[3] The District Court did not address Jacobs's argument about the preclusive effect of
<u>Heck</u> because, even if Jacobs could prevail on that argument, he still could not succeed
on his motion. The District Court rejected Jacobs's argument that summary judgment
was inappropriately granted sua sponte as to Eighth Amendment claims related to the
second elevator incident. The District Court concluded that any error was harmless,
ruling that even if <u>Heck</u> were applied only as narrowly as Jacobs advocated, there was
"no set of facts under which [Jacobs] could recover." ECF 103 at 10. The District Court
further stated that it was "unnecessary . . . to treat . . . [the] motion as one for summary
judgment in order to dispose properly of [Jacobs's] claims relating to that incident." <u>Id.</u>
The District Court explained the evidence that was considered (trial transcripts)
constituted official court records of which the court could take judicial notice even on a
motion to dismiss. Considering the transcripts and <u>Heck</u>, the District Court stated that a
sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(b) was proper and that a review of the
facts showed that Jacobs "fail[ed] in his excessive force clam against the marshal
defendants" related to the second elevator incident. ECF 103 at 11 & 12. The District
Court also concluded that no reasonable trier of fact would find facts supporting liability

4

The three state correctional officers also filed a joint motion for judgment on the pleadings.[4] The Magistrate Judge recommended that the motion be converted into a motion for summary judgment in some respects, and granted with respect to all claims except for those claims against Troiano based on his alleged failure to intervene in the first elevator incident. The Magistrate Judge stated that summary judgment should be granted on the claims of excessive force and failure to intervene for the same reasons that judgment was granted on those claims against the Deputy Marshals. Adopting the report and recommendation with some modification, the District Court converted the motion to one for summary judgment as it related to (1) a claim of excessive force against Costello; (2) a claim of a failure to intervene by Costello and Cesarino-Martin; (3) a retaliation claim against Costello, Cerino-Martin, and Troiano; and (4) a conspiracy claim against them. The District Court then granted the motion except as to the failure-to-intervene claim against Troiano.[5]

---

under the Eighth Amendment and that there was no set of facts on which Jacobs could recover. Id. at 13-14. Rejecting Jacobs's other arguments, the District Court summarized that given Heck, Jacobs's pleadings, and the trial transcripts, Jacobs was not entitled to reconsideration.

[4] Subsequently, the parties realized that Troiano provided courtroom security on March 3, 2005, pursuant to a contract with the Marshals Service, and the U.S. Attorney's Office took over his representation.

[5] Additionally, the District Court dismissed any constitutional claims relating to a threat by Costello without prejudice and dismissed a state law assault claim against Costello for lack of jurisdiction.

Delano sought summary judgment as to the excessive force claim for the first elevator incident and as to a retaliation claim. Also, Troiano moved for summary judgment on the claim that he failed to intervene in the first elevator incident. Jacobs, through counsel (who was appointed after the filings), opposed the motions, but he did not address the retaliation claim. The Magistrate Judge recommended granting the summary judgment motion as to the retaliation claim but otherwise denying the motion. The District Court adopted the report and recommendation over Delano's and Troiano's objections (Jacobs did not file any).

Jacobs's case went to trial on the two claims related to the first elevator incident (the excessive-force claim against Delano and the failure-to-intervene claim against Troiano). A jury, which was permitted to hear some information about the second elevator incident (including that it had been determined that no excessive force was used in that incident), but which was not told of Jacobs's criminal conviction relating to it,[6] found in favor of Delano and Troiano.

Jacobs filed a "Motion for New Trial and/or to Alter or Amend Judgment."[7] He argued that the jury verdict had been obtained by "fraud, misrepresentation, or

---

[6] Before trial, the District Court granted in part and denied in part Jacobs's motion in limine to preclude any reference to the second elevator incident.

[7] Jacobs filed the motion pro se shortly after judgment was entered in favor of Delano and Troiano and while he was still represented by counsel. Initially, in light of Jacobs's continued representation, the District Court denied the motion without prejudice. Subsequently, after permitting Jacobs's counsel to withdraw from the matter, the District Court vacated its order dismissing the motion and reinstated the motion on the docket.

misunderstanding" because the District Court entered (unspecified) erroneous adverse rulings against him based on the understanding that the prior jury in the criminal matter had already decided whether excessive force was used against him on March 3, 2005. Considering Jacobs's motion as challenging the evidentiary rulings related to the second elevator incident, the District Court ruled that relief was not warranted under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

Jacobs appeals.  He argues that the District Court erred in granting summary judgment based on collateral estoppel grounds because the jury in his criminal case did not decide the issue the District Court thought it had decided.[8]  More specifically, he

---

[8] The state correctional officers ask us to consider all claims against them waived, including this claim relating to collateral estoppel, in a brief that Jacobs seeks to dismiss. We deny the motion to dismiss the brief, but we also reject some of the arguments in it. We acknowledge that, in his brief, Jacobs mentions the names of some of the Deputy Marshals but he does not name the state correctional officers.  And we also note that he seems to focus on the rulings on the Deputy Marshals' motion for summary judgment in his brief.  However, on the first page of his brief, he notes that he challenges the order granting summary judgment to the state correctional defendants (he identifies by date the ruling that pertains to them).  At another point, he notes that there were nine persons in the elevator during the second incident.  And, most significantly, the ruling on the collateral estoppel issue raised first in the Deputy Marshals' motion for summary judgment was the predicate for concluding that summary judgment in favor of the state correctional officers was appropriate on the same basis.  See, e.g., ECF 94 at 9 ("There is no rational way to separate out Costello's use of force from Potter's and Bayha's and, accordingly, collateral estoppel bars Plaintiff's claim against Costello for the same reason it bars his claims against the United States Marshal Defendants.")  For these reasons, we conclude that Jacobs's arguments relating to the application of the doctrine of collateral estoppel applies to the Deputy Marshals and the state correctional officers alike.  We do agree with the state correctional officers that Jacobs waived all other claims against them by not raising them in his opening brief.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Federal Rules of Appellate Procedure 28 and Local Rule 28.1); see also Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not

contends that the jury made no ruling on whether excessive force was used after the assault for which he was convicted. He argues that the District Court should have considered separately whether he was subjected to excessive force in the second elevator incident after he was subdued or "not resisting."[9] Second, Jacobs argues that the District Court's instruction to the jury regarding whether excessive force was used against him in the second elevator incident was erroneous.[10]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order granting summary judgment is plenary; we apply the same standard that the District Court used. Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010). Generally, we review jury instructions for abuse of discretion, but we exercise plenary review when the issue is whether the instructions misstated the law. Armstrong v. Burdette Tomlin Mem'l Hosp., 438 F.3d 240, 245 (3d Cir. 2006). However, in the absence of an objection to a jury instruction, we only look for a plain error that affects

exempt from the requirement to raise and argue issues on appeal).

[9] In making this argument, he refers to, inter alia, "video footage" of his exit from the elevator. Although the Deputy Marshals assert that the video footage is not dispositive of any claim on appeal, they have filed a motion to lodge with us the DVD that reproduces the footage presented as an exhibit at Jacobs's criminal trial. We grant the motion.

[10] Initially, Jacobs also argued that he was wrongly denied a trial on the retaliation claim against Delano. However, after considering the federal Appellees' response, which noted his counsel's lack of opposition to the motion for summary judgment on the retaliation claim and the absence of objections to the recommendation that judgment be granted in Delano's favor on it, Jacobs conceded that the claim had been waived. See also Birdman v. Office of the Governor, 677 F.3d 167, 172-73 (3d Cir. 2012) (declining to consider causes of action presented for review on appeal that were not argued before the district

substantial rights.  See Fed. R. Civ. P. 51(d)(2).  We may affirm on any basis supported

by the record.  See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d

Cir. 1988).

We consider Jacobs's second issue (his claim about the jury instruction) first.  His

counsel did not preserve the issue by objecting to the jury instruction at trial or in any

post-trial motion (and Jacobs, once pro se, did not take it up in his motion for a new trial).

Counsel initially proposed changes to the instruction, but, as we have explained

previously, "merely proposing a jury instruction that differs from the charge given is

insufficient to preserve an objection."  Franklin Prescriptions, Inc. v. N.Y. Times Co.,

424 F.3d 336, 339 (3d Cir. 2005).  And counsel ultimately accepted the instruction as

written.  See Supp. App'x 561 (Trial Transcript of March 4, 2014, at 5).

We cannot conclude that the jury instruction introduced a plain error that affected

Jacobs's substantial rights.  Because the defendants wanted to question Jacobs regarding

a letter he had written in March 2005 about the events of March 3, 2005 (to impeach him

regarding his failure to mention the first elevator incident sooner and to cross-examine

him about his claimed injuries), the Court issued a limiting instruction that included the

following:

> The Court is instructing you that after the incident involved in this case,
> there was a second physical altercation on March 3, 2005, involving US
> marshals and Mr. Jacobs.  As a result of the second altercation, Mr. Jacobs
> was injured, and he claimed that he was the victim of excessive force by the

court).  Reply at ¶ 1.

9

United States marshals. In a court proceeding it was determined that excessive force was not used in the second altercation.

Id. at 591 (Trial Transcript of March 4, 2014, at 35). That instruction is not plainly erroneous in that a jury, in Jacobs's criminal case, was instructed that they were to find him not guilty if they accepted his argument that the Deputy Marshals used excessive force during the second elevator incident. Id. at 1392-93 (United States v. Jacobs, Trial Transcript of April 26, 2006, at 116-17). And Jacobs's jury also was instructed that in order to find him guilty, it had to find that, "at the time of [Jacobs's] acts," the Deputy Marshals were engaged in the performance of their official duties (a finding that would be inconsistent with the use of excessive force). Id. A jury is presumed to follow the instructions given. Zafiro v. United States, 506 U.S. 534, 540 (1993).

Jacobs argues that the instruction was "highly prejudicial." Quoting from a transcript of a pretrial conference, he maintains that the Deputy Marshals sought the instruction to undermine his credibility. However, the part of the transcript that Jacobs cites discusses the reasons why the Deputy Marshals sought to introduce the letter, not the reasons for the limiting instruction.[11] The introduction of the letter at trial is not at issue in this appeal (Jacobs does not challenge its admissibility). Otherwise, the

---

[11] The Deputy Marshals pressed for an instruction that did not as narrowly limit consideration of the other elevator incident. For instance, when Jacobs's counsel asked to include the explanation that the letter was in response to the indictment for the second incident, the Deputy Marshals sought to make the jury aware of the related conviction. Supp. App. at 499 (Trial Transcript of March 3, 2014, at 42).

10

instruction did not bear on the consideration of whether excessive force was used in the first elevator incident (the only incident at issue in the trial).

Jacobs's remaining argument is that the District Court erred in awarding summary judgment to the defendants on the basis that collateral estoppel barred the Eighth Amendment claims relating to the second elevator incident. First, we note, as the Deputy Marshals do, that the District Court presented alternative bases for granting summary judgment, only one of which Jacobs challenges. As we noted previously, an appellant waives issues not raised in the opening brief. See Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995). However, even if we construe his brief to more generally include a challenge to the rulings beyond a challenge to the collateral estoppel reasoning, we must reject Jacobs's appeal.

We agree with the District Court that although the doctrine of Heck v. Humphrey does not necessarily bar an action for excessive force by a person convicted of assault, see, e.g., Lora-Pena v. FBI, 529 F.3d 503, 506 (3d Cir. 2008) (per curiam), it can operate as a bar where specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction. See McCann v. Neilsen, 466 F.3d 619, 621 (7th Cir. 2006). As we noted earlier, to conclude that Jacobs's actions violated § 111, the jury in his criminal case was instructed that it had to find that the Deputy Marshals were engaged in the performance of their official duties (a finding inconsistent with the use of excessive force) "at the time of [Jacobs's] acts." Supp. App. at 1392-93 (United States v. Jacobs,

11

Trial Transcript of April 26, 2006, at 116-17). We have previously summarized the acts related to the second elevator incident as follows:

> Several Deputy Marshals . . . began to escort Jacobs back to his holding cell, and one of them handcuffed him with his hands in front of him so that he could carry his legal papers. When Jacobs refused to enter the elevator on his own, Deputy Potter and a state correctional officer began to force him into the elevator. As they entered, Jacobs threw his legal papers at Deputy Potter's face and attacked Deputy Potter with his handcuffs. One of Jacobs' blows injured Deputy Potter's wrist severely enough that surgery was required. Jacobs continued to attack the Deputy Marshals in the elevator, requiring them to carry him to his holding cell.

Jacobs, 311 F. App'x at 536. To succeed on his Eighth Amendment claims, Jacobs would have to rely on allegations that are inconsistent with his conviction based on acts during the same incident. Here, while the conviction resulted from acts directed specifically toward two of the Deputy Marshals, it precludes the Eighth Amendment action more generally.

The "core judicial inquiry," in a suit for excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (citation and quotation marks omitted). The evaluated factors include "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citation and quotation marks omitted). Based on the previous judicial proceedings (and the facts on which all parties agreed), it was established that nine persons (five wearing guns on their

12

belts) were in a courthouse elevator when Jacobs attacked two Deputy Marshals with a weapon (his handcuffs, cf. Shreve v. Franklin Cnty, 743 F.3d 126, 130 (6th Cir. 2014) (noting that a sheriff's deputy considered a loose handcuff a deadly weapon)).  In this case, it cannot be said, consistently with the earlier proceedings, that the force used by the defendants was more than required to maintain or restore discipline.[12]  Although Jacobs argues strenuously that there was a point after the conclusion of the acts for which he was convicted that he was subjected to additional, excessive force in the elevator, his separation of the events is inconsistent with the previous account of the altercation.  See Jacobs, 311 F. App'x at 536 ("Jacobs continued to attack the Deputy Marshals in the elevator, requiring them to carry him to his holding cell.").  We thus conclude that the District Court properly ruled in favor of the defendants on the Eighth Amendment claims.[13]

---

[12] We note additionally that, in his own affidavit in this action, Jacobs described grabbing Deputy Marshal Bayha (who, as was noted in the criminal trial, had a holstered handgun within Jacobs's reach) during the altercation.  And we note that the extent of Jacobs's injuries (the facts of which are established and undisputed) also supports the absence of excessive force.  The incident resulted in, at most (given that Jacobs could not say which injuries occurred when), "a small hematoma to his right cheekbone, a small superficial scrape to his lower lip, [and] red areas on both wrists." Supp. App. at 1265 (Trial Transcript April 25, 2006, at 177).  See Hudson, 503 U.S. at 7 (explaining that the "extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation, 'or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur'") (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

[13] Although we have been considering the Eighth Amendment excessive force claims, in the absence of excessive force, there was no failure to protect.  Judgment was also

For these reasons, we will affirm the District Court's judgment.[14]

---

properly granted on the failure-to-protect claims.

[14] As we noted previously, we deny Jacobs's motion to dismiss the brief filed by Cesarino-Martin and Costello, and we grant the Deputy Marshals' motion to lodge a DVD as an exhibit.