**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2479
_____

HARINDER SINGH,
                    Appellant

v.

THOMAS DROPPA; GLENN LAURITSEN; BOROUGH OF SOUTH RIVER; OFFICE
OF CODE ENFORCEMENT; BUILDING DEPARTMENT; STATE OF NEW JERSEY;
SOUTH RIVER POLICE DEPARTMENT COMMUNICATION CENTER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:20-cv-01317)
District Judge:  Honorable Zahid N. Quraishi

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2026
Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed March 3, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Harinder Singh appeals the District Court's orders granting Defendants' motion to dismiss his fourth amended complaint and denying Singh's motion to reopen, construed as a motion for reconsideration. For the following reasons, we will affirm.

I.

The procedural history of the District Court proceedings, as well as Singh's allegations, are well-known to the parties and need not be discussed at length. Briefly, Singh filed a complaint with the United States District Court in the District of New Jersey against numerous defendants wherein he alleged that a municipality failed to maintain an adequate drainage system, improperly fined him for construction code violations on his property, and mistreated him when he appeared in court to contest the fines. On four separate occasions, Singh amended his complaint and Defendants moved to dismiss each filing for failure to state a claim. In granting Defendants' motion to dismiss Singh's fourth amended complaint, the District Court, having dismissed 39 causes of action in Singh's third amended complaint, and allowing only his Eighth Amendment excessive fines and *Monell* claims to proceed, determined that Singh had failed to allege sufficient facts to state a claim to either cause of action. Because Singh's fourth amended complaint had failed to allege new facts, and the District Court had given Singh numerous opportunities to cure the defects in his pleadings, the District Court concluded that amendment would be futile and dismissed Singh's fourth amended complaint with prejudice. After the District Court denied Singh's motion to reopen, best construed as a

motion for reconsideration,[1] Singh filed a notice of appeal, appealing "any and all orders" entered by the District Court.[2]  The parties have now submitted their briefs on appeal and this matter is ripe for disposition.[3]

## II.

On appeal, Singh first argues that the District Court ignored evidence demonstrating that the tax-sale certificate was defective, that he was unlawfully arrested for making home improvements, and that he "faced coercive foreclosure and forced payments."  However, at the motion to dismiss stage, the District Court's inquiry is

---

[1] In his "motion to reopen the case," Singh attaches his proposed fifth amended complaint for consideration, having made "certain changes to the complaint[.]"  No matter how the filing is titled, the substance of the motion seems to be asking the District Court to reconsider its with-prejudice dismissal and allow Singh to amend his complaint a fifth time.  *See Michael v. Horn*, 459 F.3d 411, 416 (3d Cir. 2006) (providing that, in evaluating filings from pro se litigants, courts should look beyond the attached label).

[2] Singh's later filings in the District Court are beyond the scope of this appeal.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the denial of a motion for reconsideration for abuse of discretion, *see United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014), and apply plenary review to the District Court's grant of Defendants' motion to dismiss.  *See Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (applying plenary review over the grant of a motion to dismiss for failure to state a claim). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

limited to whether the facts in the complaint, as alleged, are sufficient to state a plausible claim—the Court does not evaluate evidence. *See Iqbal*, 556 U.S. at 678. This argument is therefore without merit. Moreover, the District Court did not err when it determined that Singh's pleadings failed to allege sufficient facts to state plausible claims.

Singh next argues the District Court failed to apply controlling constitutional law regarding the taking of property without just compensation and the *Monell* doctrine. But the District Court carefully considered Singh's Takings Clause and *Monell* claims.[4] The District Court correctly found that Singh's allegation, that an ineffective sewer system flooded his basement, was insufficient to support a Takings Clause claim.[5] As for his *Monell* claim, we agree with the District Court that Singh failed to causally link a municipal action to the alleged deprivation of his constitutional rights. *See Bd. Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403-04 (1997). Thus, this claim is without merit.

Finally, Singh argues that the District Court erroneously denied his unopposed motion for reconsideration because it failed to address his submitted evidence. We have already rejected Singh's argument above and do so here. As for the District Court's March 18, 2025, order denying Singh's second reconsideration motion, Singh failed to

---

[4] He also contends that the District Court did not apply the relevant standard for the unreasonable use of force, but the fourth amended complaint does not include a "use of force" claim.

[5] The case Singh cites in his appellate brief is not relevant here. *See Tyler v. Hennepin Cnty., Minn.*, 598 U.S. 631, 633 (2023) (finding that a "County's retention of the excess value of [the plaintiff's] home above her tax debt violated the Takings Clause.").

amend his notice of appeal after the Court issued this order, and instead reopened his already-existing appeal. Therefore, the denial order is not before this Court, *see, e.g.*, *Gruener v. Ohio Cas. Ins. Co.*, 510 F.3d 661, 665 (6th Cir. 2008).

## III.

For the aforementioned reasons, we will affirm the District Court's judgment.