[Cite as *Steen Elec., Inc. v. Haas Orthodontic Arts, Inc.*, 2016-Ohio-5025.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STEEN ELECTRIC, INC.

    Appellant

    v.

HAAS ORTHODONTIC ARTS, INC.

    Appellee

C.A. No.     27900

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    14 CVF 08582

DECISION AND JOURNAL ENTRY

Dated: July 20, 2016

---

HENSAL, Judge.

{¶1}  Steen Electric, Inc. appeals a judgment of the Akron Municipal Court that found that its claims against Haas Orthodontic Arts, Inc. were barred by the statute of limitations. For the following reasons, this Court affirms.

I.

{¶2}  According to Steen's president, his company has done electrical work for Haas for many years. In 2007, Haas hired Steen to install lights at one of its offices. Steen was able to complete some of the work in June, but the rest of the lights had to be ordered, so Steen was not able to finish the job until November. According to Steen, Haas paid it for the first half of the job, but refused to pay for the second half. In October 2014, it filed a complaint against Haas, alleging nonpayment of an account, breach of contract, and unjust enrichment. Following a trial to the bench, the municipal court found that the parties did not have a written contract. It, therefore, determined that Steen's claims were barred by the statute of limitations. Steen has

appealed, assigning three errors. We have combined our discussion of some of them together to facilitate our consideration of the appeal.

II.

ASSIGNMENT OF ERROR I

THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE PARTIES HAD ESTABLISHED A COURSE OF DEALING OVER A PERIOD OF TIME BY WHICH CERTAIN OFFICE EMPLOYEES OF APPELLEE SIGNED WORK ORDERS/CONTRACTS ON BEHALF OF APPELLEE. THEREFORE, THERE WAS A WRITTEN CONTRACT BETWEEN THE PARTIES AND APPELLANT'S COMPLAINT WAS FILED WITHIN THE STATUTE OF LIMITATIONS.

ASSIGNMENT OF ERROR II

THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE EMPLOYEES OF APPELLEE WHO SIGNED THE WORK ORDERS/CONTRACTS HAD APPARENT AUTHORITY TO DO SO.

{¶3} Steen argues that the municipal court's finding that the parties did not have a written contract was against the manifest weight of the evidence. When reviewing the manifest weight of the evidence in a civil case, this Court

weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Alteration sic) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶4} Steen argues that the parties' course of conduct established a written contract. It also argues that Haas's office workers had apparent authority to sign the contract on behalf of Haas. According to Steen, one of Haas's office workers would call in requesting electrical work. A Steen field worker would go out to the location, ask for whoever was in charge, and have the

individual sign a contract. When the job was finished, the individual would also sign the worker's timesheet. Later, Steen would send Haas an invoice, which included the worker's time sheet and a list of the materials that had been used in completing the job. Haas had always paid its bill until the end of 2007.

{¶5} At the end of the trial, the court ruled from the bench that the parties did not have a written contract. It identified two reasons why a written contract did not exist. First, it found that Haas's office workers did not have authority to sign a written agreement on behalf of Haas. Second, it found that the alleged written contract was missing essential terms. According to the court, the contract "doesn't have the interest rate or if you're late or anything else. * * * [I]t also didn't have what was the work that was done and what was the work that was paid for * * *."

{¶6} "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). The document that Steen contends was the written "contract" is a one-page document labelled "Commercial Service Calls." It sets out the name and address of the owner of the location where the job is being performed (in this case Haas), the contact person at that location (in this case Haas's office manager), and a list of the rates Steen will charge depending on the time of day when the work is being performed. It also indicates when payment is due and what additional charges will be added if payment if not received on time. It also contains the signature of one of Haas's former front desk personnel below a paragraph stating: "I agree to the terms

and conditions stated above.   I am authorized to sign for the work that is being carried out by Steen Electric, Inc., and I have fully read and understand this work order."

{¶7}   Steen does not challenge the trial court's finding that the alleged written contract lacks essential terms.  Instead, it contends that the parties' course of conduct must be considered in determining whether a written contract existed, citing *Baldwin v. Rieger*, 11th Dist. Trumbull No. 2001-T-0106, 2002-Ohio-4368, and *Korner Roofing & Sheet Metal Co. v. Smylie Brother, Inc.*, 118 Ohio App. 461 (8th Dist.1963).  Although we agree that those cases support the fact that Steen and Haas may have had a binding agreement, they do not suggest it would have been one "in writing" for statute of limitations purposes.  R.C. 2305.06; *see also* 3 A.L.R.2d 809 at Section 5 ("If a written agreement is so indefinite as to make it necessary to resort to parol testimony to complete the contract, it will be treated as an oral contract in applying the statute of limitations.").

{¶8}   Regarding Steen's apparent authority argument, because the alleged written contract did not contain all of the essential terms of the agreement, the court's finding that Haas's office workers did not have apparent authority to sign it was, at worst, harmless error. *See* Civ.R. 61.  Upon review of the record, we conclude that Steen has not established that the municipal court's finding that it did not have a written contract with Haas was against the manifest weight of the evidence.  Steen's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRORED (SIC) WHEN IT ALLOWED THE TESTIMONY OF APPELLEE'S SOLE WITNESS, A PROFESSIONAL ORTHODONTIST, TO TESTIFY AS AN EXPERT AS TO CERTAIN ELECTRICAL MATTERS.

{¶9}   Steen also argues that the court allowed Haas to present improper expert testimony about electrical fixtures and installation.  Because Steen has failed to establish that its

claims were not barred by the applicable statute of limitations, however, this issue is moot. Steen's third assignment of error is overruled on that basis. *See* App.R. 12(A)(1)(c).

## III.

{¶10} Steen's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
MOORE, J.

CONCUR.

APPEARANCES:

JAMES L. WAGNER, Attorney at Law, for Appellant.

JOSEPH E. OLIVER, Attorney at Law, for Appellee.