[Cite as *Davis v. Cinnamon Lake Assn., Inc.*, 2020-Ohio-5374.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| STEVEN TODD DAVIS | | C.A. No.    19AP0052 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CINNAMON LAKE ASSOCIATION, INC., et al. | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO CASE No.    2018-CVC-H-000055 |
| Appellees | | |

DECISION AND JOURNAL ENTRY

Dated: November 23, 2020

CARR, Judge.

{¶1}   Appellant, Steven Todd Davis, appeals the judgment of the Wayne County Court of Common Pleas.  This Court affirms.

I.

{¶2}   This matter arises out of a dispute between Davis and his former employer, Cinnamon Lake Assoc., Inc. ("Cinnamon Lake").  Cinnamon Lake is a homeowner's association. In March 2017, Davis resigned from another job to take a position with Cinnamon Lake as a maintenance supervisor.  Pursuant to the Cinnamon Lake's Employee Handbook ("the Handbook"), Davis was subject to a 90-day probationary period.  A number of issues arose during Davis's probationary period, several of which were performance related.  Cinnamon Lake's board of directors ultimately decided not to retain Davis as a permanent employee.  On May 22, 2017, Cinnamon's Lake's president, Ron Arrichi, informed Davis of the board's decision.

{¶3} Davis filed a complaint against Cinnamon Lake, Arrichi, and several other defendants in the Wayne County Court of Common Pleas. Several months later, with leave of court, Davis filed an amended complaint against Cinnamon Lake and Arrichi. Davis alleged claims for promissory estoppel and a violation of R.C. 4112.02, Ohio's statute governing unlawful discriminatory practices. Cinnamon Lake filed an answer generally denying the claims in the complaint and asserting a number of affirmative defenses.

{¶4} The matter proceeded through the discovery process. Cinnamon Lake filed a motion for summary judgment against Davis, arguing that Davis had failed to make a prima facie case in support of his claims. Davis filed a brief in opposition to the motion, and Cinnamon Lake replied thereto. On September 6, 2019, the trial court issued a judgment entry granting summary judgment in favor of Cinnamon Lake. In reaching its conclusion, the trial court determined that Davis had neither presented evidence that he was suffering from a disability, nor had he demonstrated that Cinnamon Lake's board of directors perceived him to have a disability at the time of his firing. The trial court further concluded that there was no evidence that Cinnamon Lake made a clear and unambiguous promise to Davis that he would be hired on a permanent basis.

{¶5} On appeal, Davis raises four assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT CONCLUDED FOR A JURY THE DEFENDANTS-APPELLEES DID NOT PERCEIVE THE PLAINTIFF-APPELLANT AS DISABLED TO SUPPORT AN [R.C.] 4112.02 DISABILITY DISCRIMINATION CLAIM BY WEIGHING THE SUFFICIENCY OF INFORMATION APPELLEE ARRICHI VOLUNTEERED HE HEARD FROM THE APPELLANT TO DECIDE WHETHER OR NOT THE APPELLANT COULD PROVE THE APPELLEE PERCEIVED HIM AS HAVING THE DISABILITY OF CANCER.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT CONCLUDED FOR A JURY THE DEFENDANTS-APPELLEES DID NOT REGARD THE APPELLANT AS HAVING THE DISABILITY OF CANCER WHEN MAKING A DECISION TO TERMINATE HIS EMPLOYMENT.

{¶6} In his first and second assignments of error, Davis contends that the trial court erred in granting summary judgment to Cinnamon Lake on his employment discrimination claim on the basis that he failed to demonstrate that his employer was aware that he had cancer. Davis argues that the trial court failed to consider circumstantial evidence which supported the conclusion that Cinnamon Lake's board regarded Davis as disabled at the time it let him go. Davis asserts that there is a question of fact as to whether Cinnamon Lake terminated his employment because it did not want an employee who would need to take significant time off to seek cancer treatment. This Court disagrees.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶10} R.C. 4112.02(A) states that "[i]t shall be an unlawful discriminatory practice * * * [f]or any employer, because of the * * * disability * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any other matter directly or indirectly related to employment."

{¶11} "To establish a prima facie disability wrongful discharge violation of R.C. 4112.02(A), a plaintiff must show that 1) he is disabled; 2) he suffered an adverse employment action at least in part due to his handicap; and 3) that he could safely and substantially perform all essential functions of the job." *Stembridge v. Summit Academy Mgt.*, 9th Dist. Summit No. 23083, 2006-Ohio-4076, ¶ 22, citing *Hood v. Diamond Products, Inc.*, 74 Ohio St.3d 298, 302 (1996). "Once the prima facie case is established, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for their action." *Stembridge* at ¶ 22. If indeed the defendant sets forth

a legitimate, nondiscriminatory reason for the adverse action, the plaintiff must then demonstrate that the reason is a pretext for impermissible discrimination. *Id.*

{¶12} R.C. 4112.01(A)(13) defines "[d]isability" as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment."

{¶13} The Supreme Court of Ohio has held that Ohio courts considering a disability discrimination claim may look to case law interpreting the Americans with Disabilities Act. *See Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 573 (1998). "An individual is considered 'disabled' under the ADA if she (1) 'has a physical or mental impairment that substantially limits one or more of the major life activities of such individual,' (2) 'has a record of such impairment,' or (3) is regarded by [his] employer as having such an impairment." *Gruener v. Ohio Cas. Ins., Co.*, 510 F.3d 661, 664 (6th Cir.2008), quoting *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 810 (6th Cir.1999).

{¶14} In support of its motion for summary judgment, Cinnamon Lake provided affidavits from its board members and its office manager. Cinnamon Lake also attached a copy of the Handbook. All of the board members averred that Davis was hired on a probationary basis on March 20, 2017, and that he was informed of the board's decision not to hire him on a permanent basis on May 22, 2017. Arrichi, in his capacity as board president, as well as board members Carl Habel and Tim Huffman, averred that Davis was never offered or promised permanent employment with Cinnamon Lake. During the interview process, Davis represented that he was a highly knowledgeable maintenance worker who had skilled-maintenance certificates in the areas

of welding, electrical work, and plumbing. Huffman averred that it became clear during Davis's probationary period that he did not possesses the skills that he had represented. On multiple occasions, Huffman had to instruct Davis regarding basic concepts of electrical work. Davis was unable to produce copies of his trade certificates. Other Cinnamon Lake employees reported that Davis would sit idle in his truck when he was not being observed and, further, that he may have been responsible for cans of paint missing from the storage building.

{¶15} On one occasion, Davis asked Arrichi to sign a home arrest work release that was related to a disorderly conduct conviction in Wayne County Municipal Court. The conviction occurred in April 2017. Arrichi was not comfortable signing the document.

{¶16} Arrichi averred that while he recalled a conversation where Davis indicated that he had been "previously treated for cancer[,]" Davis did not provide any additional details about the nature of the treatment, nor did Davis indicate that he was limited in any of his life activities. Arrichi further averred that Davis never provided any documentation indicating that he had a physical or mental impairment. Arrichi never perceived any activity that would suggest Davis had a disability. Cinnamon Lake's other board members averred that Davis never informed Cinnamon Lake that he had a disability and that they were not aware of any disability at the time they decided not to retain Davis as a permanent employee.

{¶17} In opposing the motion for summary judgment, Davis pointed to supposed admissions by Arrichi and Huffman during their deposition testimony. Huffman testified that Davis's employment with Cinnamon Lake ended because of Davis's inability to do his job. Huffman recalled multiple occasions where Davis lacked the knowledge necessary to complete electrical projects and sought Huffman's assistance. Huffman further testified that Davis was

hostile towards Cinnamon Lake members who needed his assistance. Huffman had no knowledge of any health issues at the time the board decided to discontinue Davis's employment.

{¶18} Arrichi gave similar testimony. When asked during his deposition if he spoke to other board members about whether Davis had cancer, Arrichi responded, "No, I did not. I didn't even know he had cancer." While Arrichi acknowledged a conversation where Davis mentioned previously being treated for cancer, Arrichi explained that the conversation did not cause him to "take notice that he had cancer, [or] that it would affect his job and/or anything else." When asked whether Davis sought permission to go to a cancer-related doctor's appointment, Arrichi testified that "[Davis] never said that[]" and it was his understanding that the appointment was a "semiannual check for clean health."

{¶19} The aforementioned evidence, even when viewed in the light most favorable to Davis, failed to establish a prima facie violation of R.C. 4112.02(A). Davis never presented evidence demonstrating that he was either disabled or was regarded as disabled during his employment with Cinnamon Lake. Furthermore, while Arrichi acknowledged that Davis mentioned that he had previously been treated for cancer, there was no evidence presented that anyone associated with Cinnamon Lake, including Arrichi, had even the slightest inclination that Davis had cancer during the course of his employment. Davis correctly notes that a plaintiff in a civil action may prove his case by either direct or circumstantial evidence. *See Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 584 (1996). Significantly, however, Davis failed to present any evidence, either direct or circumstantial, showing that Cinnamon Lake's decision to not retain him as a permanent employee was related to either a disability or a perceived disability. Under these circumstances, the trial court did not err in awarding summary judgment to Cinnamon Lake.

{¶20} Davis's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT CONCLUDED AS A MATTER OF LAW THE DEFENDANTS-APPELLEES DID NOT HAVE TO RETAIN THE APPELLANT BECAUSE HE WAS AN AT-WILL EMPLOYEE ON PROBATION GIVEN [R.C.] 4112.02 PROTECTS AT-WILL EMPLOYEES FROM TERMINATION OF EMPLOYMENT DUE TO HAVING A PERCEIVED DISABILITY WHETHER THEY ARE ON PROBATION OR NOT.

{¶21} In his third assignment of error, Davis contends that the trial court erred in concluding that Cinnamon Lake was not required to retain Davis due to his status as an at-will, probationary employee given that his perceived disability triggered protections under R.C. 4112.02(A). As noted in this Court's resolution of Davis's first and second assignments of error, Davis failed to establish a prima facie violation of R.C. 4112.02(A) based on a disability or a perceived disability. Accordingly, we decline to address Davis's third assignment of error as it has been rendered moot. App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR WHEN IT CONCLUDED THE DEFENDANTS-APPELLEES WERE NOT ESTOPPED TO TERMINATE THE APPELLANT'S EMPLOYMENT GIVEN THE RECORD SHOWS THERE IS DIRECT EVIDENCE BY WAY OF ADMISSION THE APPELLANT WAS HIRED TO BE RETAINED AS A PERMANENT EMPLOYEE AFTER 90 DAYS IF HE QUIT EMPLOYMENT WITH A PREVIOUS EMPLOYER TO COME TO WORK FOR THE APPELLEE ASSOCIATION.

{¶22} In his final assignment of error, Davis contends that the trial court erred in entering summary judgment on his promissory estoppel claim. This Court disagrees.

{¶23} In reviewing Davis's claim that the trial court erred in granting summary judgment to Cinnamon Lake on his promissory estoppel claim, we renew the standard of review set forth above in resolving Davis's claim that the trial court erred in granting summary judgment to Cinnamon Lake on his employment discrimination claim. *See Temple*, 50 Ohio St.2d at 327.

{¶24} This Court has held that the elements necessary to establish a claim for promissory estoppel are "a promise, clear and unambiguous in its terms; reliance by the party to whom the promise is made; that the reliance was reasonable and foreseeable; and that the party claiming estoppel was injured by the reliance." *Rigby v. Fallsway Equip. Co., Inc.*, 150 Ohio App.3d 155, 2002-Ohio-6120, ¶ 25 (9th Dist.), quoting *Healey v. Republic Powdered Metals, Inc.*, 85 Ohio App.3d 281, 284 (9th Dist.1992). Generally speaking, an employment relationship in Ohio is terminable at the will of either party absent an express agreement to the contrary. *Stembridge*, 2006-Ohio-4076, at ¶ 26. The Supreme Court of Ohio has held that "[a]bsent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook." *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108 (1991), paragraph one of the syllabus.

{¶25} The crux of Davis's argument on appeal is that Arrichi admitted during his deposition testimony that Davis stepped away from another position with the understanding that Cinnamon Lake would hire him as a permanent employee. Davis maintains that Arrichi admitted that Davis was not hired on an at-will basis. In support of this position, Davis highlights a quote from the deposition where Arrichi stated, "My understanding was [Davis] was going to be hired as -- the job would be permanently his until he proved otherwise."

{¶26} A review of Arrichi's deposition testimony reveals that Davis's argument is without merit. Davis was brought before the board for a job interview by the board president who preceded Arrichi. Arrichi participated in the interview. By the time that Cinnamon Lake decided not to retain Davis as a permanent employee, Arrichi had assumed the role of board president. Arrichi was aware that Davis left another position to work at Cinnamon Lake. Arrichi explained that Davis was in the midst of a 90-day probationary period at the time Cinnamon Lake decided not to

retain him.[1] Arrichi testified that Davis was hired with the hope of retaining him as a permanent employee after he completed his probationary period. When counsel for Davis sought clarification as to whether the position was permanent, Arrichi responded, "After the 90 days, that is what is stated in our manual." Anna Gibson, who serves as office manager at Cinnamon Lake, averred that Davis acknowledged receiving a copy of the Handbook on March 8, 2017. The Handbook provides that "It is not intended to create, and does not create, a contract of employment, either express or implied, between [Cinnamon Lake] and any of our employees for employment, hours of work, or the providing of benefits. Our employees are employees-at-will." The Handbook further provides that all new employees are subject to a 90-day probationary period. There is no dispute here that Cinnamon Lake made the decision to part ways with Davis prior to the expiration of the 90-day probationary window.

{¶27} Under these circumstances, where Davis was subject to a 90-day probationary period pursuant to the Handbook, and where there was no evidence that Cinnamon Lake made a clear and unambiguous promise that Davis would be retained beyond the 90-day probationary period, the trial court did not err in granting summary judgment in favor of Cinnamon Lake on Davis's promissory estoppel claim.

{¶28} Davis's final assignment of error is overruled.

III.

{¶29} Davis's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

---

[1] During Arrichi's deposition, counsel for the respective parties strongly disagreed as to whether Davis's exit from Cinnamon Lake should be characterized as a termination. The gist of Arrichi's testimony was that Davis was relieved of his duties during his probationary period but he was not terminated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL T. CONWAY, Attorney at Law, for Appellant.

STEPHEN J. CHUPARKOFF, Attorney at Law, for Appellee.