[Cite as *Jones v. BPR/RICO Mfg., Inc.*, 2022-Ohio-2715.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| DARRYL JONES | | C.A. No. 21CA0084-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BPR/RICO MANUFACTURING, INC. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | | CASE No. 20CIV0695 |

DECISION AND JOURNAL ENTRY

Dated: August 8, 2022

HENSAL, Judge.

{¶1} Darryl Jones appeals an order of the Medina County Court of Common Pleas that granted summary judgment to BPR/RICO Manufacturing, Inc. ("BPR") on his promissory estoppel and breach of contract claims. For the following reasons, this Court affirms.

I.

{¶2} Mr. Jones began working for BPR as a project engineer in 2015. Under the terms of his hiring offer, Mr. Jones was entitled to receive a raise after six months on the job. After receiving it, however, Mr. Jones did not receive any additional salary increases. In October 2017, Mr. Jones asked his supervisor when he would receive a raise, and his supervisor told him that he would set up a meeting with the director of engineering. In January 2018, after the company assigned Mr. Jones additional responsibilities, he inquired again with his supervisor about when he would receive a raise. The supervisor told Mr. Jones that he would consult with the director of engineering, but he did not follow through.

**{¶3}** When Mr. Jones asked when he would receive a raise again in June 2018, his supervisor asked the director of engineering to take over supervising Mr. Jones. The director met with Mr. Jones twice about his request for a salary increase, which Mr. Jones believed had been promised to him. Instead, the director told Mr. Jones that he needed to evaluate the request. The director met with Mr. Jones again about a week later and presented Mr. Jones with an employee evaluation plan. The plan explained that the director would monitor Mr. Jones's performance over 90 days and it listed the criteria by which the director would assess whether Mr. Jones should receive a raise. Mr. Jones refused to agree to the plan and left the meeting. For leaving the meeting, the director suspended Mr. Jones for three days and sent him home. The director subsequently determined that he would not be able to continue working with Mr. Jones and terminated him.

**{¶4}** Mr. Jones sued BPR for breach of contract and promissory estoppel. Following discovery, BPR moved for summary judgment, arguing that there was no evidence that it ever promised to give Mr. Jones a raise. The trial court granted the motion over Mr. Jones's opposition, concluding that there were no genuine issues of material fact and that BPR was entitled to judgment on Mr. Jones's claims as a matter of law. Mr. Jones has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR

THE COURT OF COMMON PLEAS ERRED TO THE MATERIAL PREJUDICE
OF THE APPELLANT WHEN IT GRANTED THE APPELLEE OHIO CIVIL
RULE 56 (C) MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S
PROMISSORY ESTOPPEL CLAIM.

**{¶5}** In his first assignment of error, Mr. Jones argues that the trial court incorrectly granted summary judgment to BPR on his promissory estoppel claim. Under Civil Rule 56(C), summary judgment is appropriate if:

[n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} The elements necessary to establish a claim for promissory estoppel are "a promise, clear and unambiguous in its terms; reliance by the party to whom the promise is made; that the reliance was reasonable and foreseeable; and that the party claiming estoppel was injured by the reliance." *Davis v. Cinnamon Lake Assoc., Inc.*, 9th Dist. Wayne No. 19AP0052, 2020-Ohio-5374, ¶ 24, quoting *Rigby v. Fallsway Equip. Co., Inc.*, 150 Ohio App.3d 155, 2002-Ohio-6120, ¶ 25 (9th Dist.). Mr. Jones argues that, under *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100 (1985), whether an employer made representations that altered the terms of an employee's at-will employment, whether the employee relied upon the promises, and the applicability of the doctrine of promissory estoppel are issues to be resolved by the trier of fact.

{¶7} *Mers* concerned whether promissory estoppel could alter an otherwise at-will employment relationship. *Id.* at 102. The Ohio Supreme Court held that "the doctrine of promissory estoppel is applicable and binding to oral employment-at-will agreements when a promise which the employer should reasonably expect to induce action or forbearance on the part

of the employee does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise." *Id.* at 106. Although the Court concluded that it was "unable to say that reasonable minds could reach but one conclusion" regarding the matters in that particular case, we do not agree with Mr. Jones that it held that whether the doctrine of promissory estoppel applies must be decided by a trier of fact in all cases. *Id.*

{¶8} Mr. Jones does not point to anything in the record that suggests that BPR made a clear and unambiguous promise to him that he would receive a raise if he continued to work for BPR. Instead, he appears to want such a promise implied because BPR strung him along for eight months about whether he would receive a raise. Mr. Jones also alleges that the employee evaluation plan was merely an attempt by the director of engineering to cover the companies' tracks after failing to give him the raise he had been promised. Mr. Jones argues that, under the circumstances, BPR should be estopped from denying that he had been promised a raise.

{¶9} At his deposition, Mr. Jones initially testified that his supervisor promised him a raise, but he later clarified that the supervisor merely promised him a meeting to discuss whether he should receive a raise. Despite Mr. Jones giving repeated reminders to his supervisor about his desire for a raise and receiving an increase in responsibilities, the director of engineering did not meet with Mr. Jones until June 2018. Mr. Jones acknowledged that, at the first two meetings, the director told Mr. Jones that he would have to get back to Mr. Jones about whether Mr. Jones should receive a raise. Mr. Jones also acknowledged that, when the director did get back to him, it was to present Mr. Jones with the employee evaluation plan.

{¶10} Viewing the evidence in a light most favorable to Mr. Jones, we cannot say that there is a genuine issue whether BPR made a clear and unambiguous promise to Mr. Jones that he would receive a raise. There is no evidence that BPR made such a promise, let alone indicated

any specific terms such as the amount of the raise or the date on which it would go into effect. We, therefore, conclude that the trial court did not err when it granted summary judgment to BPR on Mr. Jones's promissory estoppel claim. Mr. Jones's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE COURT OF COMMON PLEAS ERRED TO THE MATERIAL PREJUDICE OF THE APPELLANT WHEN IT GRANTED THE APPELLEE OHIO CIVIL RULE 56 (C) MOTION FOR SUMMARY JUDGMENT ON THE APPELLANT'S BREACH OF CONTRACT CLAIM.

{¶11} In his second assignment of error, Mr. Jones argues that the trial court incorrectly granted summary judgment to BPR on his breach of contract claim. Mr. Jones acknowledges that there is no express contract between the parties about his entitlement to a raise, but he argues that an implied contract existed.

{¶12} "An implied-in-fact contract hinges upon proof of all of the elements of a contract." *City of Akron v. Baum*, 9th Dist. Summit No. 29882, 2021-Ohio-4150, ¶ 15. The elements are "an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Steen Elec. Inc. v. Haas Orthodontic Arts, Inc.*, 9th Dist. Summit No. 27900, 2016-Ohio-5025, ¶ 6, quoting *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 16. "An implied-in-fact contract diverges from an express contract in the form of proof that is required to establish each contractual element." *Baum* at ¶ 15. "In express contracts, assent to the terms of the contract is actually expressed in the form of an offer and an acceptance." *Id.*, quoting *Dunn v. Bruzzese*, 172 Ohio App.3d 320, 2007-Ohio-3500, ¶ 28 (7th Dist.2007). "On the other hand, in implied-in-fact contracts the parties' meeting of the minds is shown by the surrounding circumstances, including the conduct and declarations of the parties, that make it inferable that the contract exists as a matter of tacit understanding." *Id.*, quoting *Dunn* at ¶ 28.

{¶13} In its motion for summary judgment, BPR argued that Mr. Jones could not establish that it made any oral or written assurances to him regarding his compensation, let alone that they had a meeting of the minds. Mr. Jones argues that BPR promised him a raise and alleges that its combined representations and business conduct satisfies the elements of offer, acceptance, performance of consideration, and damages. His argument, however, does not cite to any evidence in the record that supports his claim. *See* App.R. 16(A)(7). Upon review of the record, we cannot say that BPR's representations that it would schedule meetings to discuss Mr. Jones's salary and its assignment of additional responsibilities to Mr. Jones create a genuine issue of material fact regarding whether all the elements of an implied contact existed. Accordingly, we conclude that the trial court did not err when it granted summary judgment to BPR on Mr. Jones's breach of contract claim. Mr. Jones's second assignment of error is overruled.

### III.

{¶14} Mr. Jones's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL T. CONWAY, Attorney at Law, for Appellant.

BRIAN J. KELLY and JONATHAN M. SCANDLING, Attorneys at Law, for Appellee.